```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-60027-CR-ZLOCH
```

UNITED STATES OF AMERICA,

        Plaintiff,

vs.
                                  **<u>OMNIBUS ORDER</u>**

FRANK HERNANDEZ, et al.

        Defendants.

_____/

THIS MATTER is before the Court upon the following Motions of Plaintiff United States Of America: Motion In Liminea To Prohibit Testimony Offered By Defendant Edwards During The Trial Of This Matter (DE 776), Supplement To Motion In Limine (DE 868), Motion In Liminea To Disqualify Expert From Testifying At Trial (DE 822), Request For Court To Take Judicial Notice (DE 978), which the Court construes as a Motion For Jury Instruction, and Motion In Limine To Prohibit Exclude Reliance On Advice Of Counsel Defense And Good Faith Defense (DE 1032), and Defendant Frank Hernandez's Motion In Limine Regarding The Admissibility Of Statements Of Co-Defendants At A Joint Trial (DE 907), Defendant Edwards's Motion In Limine To Exclude Steven B. Heymsfield, M.D. And Robert Parrado, R.Ph As Expert Witnesses For The Government (DE 944), Defendant Echols's Motion In Limine (DE 1011), and Defendant Edwards's Request For Judicial Notice Of States And Professional Standards Of Medical Practice Governing Internet Prescribing In The United States (DE 1061).  The Court has carefully reviewed said Motions and the

entire court file and is otherwise fully advised in the premises.

On January 14, 2009, the Court held a hearing on the above-referenced Motions and heard argument from counsel.  As an initial matter, the Government's Motion To Disqualify Expert From Testifying At Trial (DE 822) has been resolved by the Parties and is rendered moot.  At the hearing, counsel for the Government advised the Court that Dr. Zhoaping Li, M.D., Phd., could testify as long as all references to her employment with the United States Government are redacted from her credentials and no mention of the same is made to the jury.  Additionally, counsel indicated that they are near resolution of the issues raised in Defendant Hernandez's Motion In Limine Regarding The Admissibility Of Statements Of Co-Defendants At A Joint Trial (DE 907) and will apprise the Court when it is resolved.

Several Motions (DE Nos. 776, 868, 978 & 1061) hinge on what law the Court will apply to determine the standard for medical practice to be applied in this case.  The Government argues that only the law of the states in which the doctors and pharmacists are licensed applies, while the Defendants argue that a nationwide standard applies.  Caselaw is clear that medical treatment must be rendered "in accordance with [the] standard of medical practice generally recognized in the United States."  <u>United States v. Moore</u>, 423 U.S. 122, 140 (1975); <u>United States v. Merrill</u>, 513 F.3d 1293, 1306 (11th Cir. 2008); <u>United States v. Williams</u>, 445 F.3d

1302, 1309 (11th Cir. 2006), abrogated on other grounds. Thus, the applicable standard is that which is generally recognized throughout the United States.

To resolve the Government's Request For Judicial Notice (DE 978) and Defendant Edwards's Request For Judicial Notice (DE 1061), the Parties shall enter into a stipulation that accurately reflects the laws of the 50 states regarding the issuance of prescriptions via the internet. Accordingly, to the extent the Government's Request For Court To Take Judicial Notice (DE 978) seeks jury instructions limited to the standard of medical practice for the six states in which Defendants practiced, the request is denied. Instead, Defendant Edwards's Request For Judicial Notice (DE 1061) is granted. Regarding the Government's Motions (DE Nos. 776 & 868) to exclude testimony by attorney Benjamin Gluck, the Court will grant said Motions because Mr. Gluck's testimony will be redundant in light of the aforementioned stipulation, which will adequately instruct the jury on the applicable law.

Defendant Edwards's Motion In Limine To Exclude Steven B. Heymsfield, M.D. And Robert Parrado, R.Ph As Expert Witnesses For The Government (DE 944) is denied. However, this Order shall not be construed to limit Defendants from objecting to the expert's qualifications to testify or any other proper objection under the Federal Rules of Evidence. Additionally, Defendant Echols's Motion In Limine (DE 1011) is denied, as the statement at issue is

admissible.

The Court now turns to the issue of whether Defendants are entitled to an instruction of good faith reliance on advice of counsel. Special Instruction 18 of the Eleventh Circuit Pattern Instructions states, in part: "Good faith is a complete defense to the charge in the indictment since good faith on the part of the Defendant is inconsistent with the existence of <u>willfulness</u> which is an essential part of the charge." Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003) (emphasis added). The necessary corollary is that when willfulness is not a part of the charge, good faith is not a complete defense. Put another way, good faith can only be a complete defense in specific intent crimes, not general intent crimes.

At issue in the Government's Motion In Limine To Prohibit Exclude Reliance On Advice Of Counsel Defense And Good Faith Defense (DE 1032), is whether any or all of the crimes charged in the Indictment (DE 3) are specific intent crimes where willfulness is at issue. Count 1 charges conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and (b)(2). Counts 2 through 12 charge distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1). Conspiracy is a specific intent crime, and as such, the Government must show that the individual had knowledge of the conspiracy and intended to join or associate with its

4

objective.  15A C.J.S. Conspiracy § 112 (2008); <u>United States v. Puche</u>, 350 F.3d 1137 (11th Cir. 2003); <u>United States v. Charles</u>, 313 F.3d 1278 (11th Cir. 2002).  Thus, willfulness is at issue as to Count 1 of the Indictment, and the Court shall not preclude Defendants from requesting a special instruction on good faith reliance on advice of counsel.  However, the Court will evaluate the evidence adduced at trial and make a final determination as to the appropriate instruction, if any, at the charge conference.

Counts 2 through 12 are not specific intent crimes.  <u>See Merrill</u>, 513 F.3d at 1306.  The Court will take up the applicable good faith instruction as to said Counts, if any, at the time of the charge conference.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Motion In Limine (DE 776), Supplement To Motion In Limine (DE 868), Motion In Limine (DE 944), Request For Court To Take Judicial Notice (DE 978), which the Court construes as a Motion For Jury Instruction, and Motion In Limine (DE 1011) be and the same are hereby **DENIED**;

2. Motion In Limine (DE 822) be and the same is hereby **DENIED** as moot;

3. The Court **RESERVES** on Motion In Limine (DE 907);

4. Motion In Limine (DE 1032) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

5

a. To the extent the Motion (DE 1032) seeks to prohibit Defendants from receiving a jury instruction that good faith reliance on advice of counsel is a complete defense to Counts 2 through 12, it be and the same is hereby **GRANTED**;

b. In all other respects, it be and the same is hereby **DENIED**;

5. Defendant Edwards's Request For Judicial Notice (DE 1061), which the Court construes as a Motion For Jury Instructions, be and the same is hereby **GRANTED**, and the Parties shall agree on a stipulation setting forth the applicable law of the 50 states.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___15th___ day of January, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record